USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/10/09

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------
K/S MARIA J,

                Plaintiff,

    - against -

AUGUSTA DUE SRL,

                Defendant.
---------------------------------------

09 Civ. 952 (JGK)

**MEMORANDUM OPINION AND ORDER**

**JOHN G. KOELTL, District Judge:**

The defendant, Augusta Due SRL, moves pursuant to Shipping Corp. of India v. Jaldhi Overseas Pte Ltd., No. 08 2477 Civ., 2009 WL 3319675, at *11 (2d Cir. Oct. 16, 2009), and Hawknet, Ltd. v. Overseas Shipping Agencies, No. 09 2128 Civ., 2009 WL 3790654, at *2 (2d Cir. Nov. 13, 2009) (finding that Jaldhi applies retroactively), to vacate the maritime attachment issued in this case, to release the defendants' funds being held in the Court's registry, and to dismiss this case. The plaintiff responds that (1) Jaldhi does not apply to this case because the parties agreed to deposit the attached Electronic Fund Transfers (EFTs) in the Court's registry; (2) that Jaldhi should not be applied retroactively; and (3) that it would be inequitable to vacate the attachment.

The fact that the parties agreed to place the funds in the Court's registry does not remove this case from the scope of Jaldhi. No alchemy by the parties transformed EFTs that do not

provide quasi in rem jurisdiction over the defendant under Rule B into a basis for this Court's jurisdiction over the defendant. Furthermore, contrary to the plaintiff's suggestion, the defendant did not agree that the attached funds were its property by agreeing to place the funds in the Court's registry. (Sparholt Decl. Ex. 3.)  Rather, the Stipulation only provided that the property held by the garnishee would be deposited in an interest-bearing account with the Clerk of the Court.  The funds were to remain on deposit pending various eventualities including "until such time as this Court orders the release of said funds pursuant to the application of either party." (Sparholt Decl. Ex. 3.)  Moreover, in the cases the plaintiff cites for the proposition that the parties' agreement can provide a court with jurisdiction, there is no evidence that the defendants objected to jurisdiction or to the continuing restraint of the funds.  See, e.g., Americas Bulk Transp. Ltd. v. Lion Shipholdings, 07 Civ. 3818 (S.D.N.Y. Nov. 18, 2009); Europa Maritime v. Manganese Trans Atl. Corp., 08 Civ. 9523 (S.D.N.Y. Nov. 10, 2009).

Second, the Court of Appeals for the Second Circuit recently decided that Jaldhi applies retroactively because jurisdictional rulings may never be made prospective only. Hawknet, Ltd. v. Overseas Shipping Agencies, No. 09 2128 Civ.,

2009 WL 3790654, at *2 (2d Cir. Nov. 13, 2009). The Court is bound to follow Hawknet's holding and declines to make an exception in this case as the plaintiff urges.

Finally, it would not be inequitable to vacate the maritime attachment in this case. Indeed, it would be inequitable to maintain the attachment and subject the defendant to quasi in rem jurisdiction based on the EFTs, which the Court of Appeals has found are not a basis for maritime attachment or jurisdiction. Indeed, a defendant should not be penalized for having agreed to place funds in the registry of the Court and dismissing a case without prejudice. That procedure, which assisted the Court, was used at a time when EFTs were attachable under Second Circuit precedent. A defendant who attempted to cooperate should not now be penalized for not having, in the description of the Court of Appeals, "clairvoyance." Hawknet, 2009 WL 3790654, at *2.

For the reasons stated above, the defendant's funds are to be released and returned to the defendant. The Clerk is directed to **vacate** the attachment, to **dismiss** the Complaint **without prejudice**, and to close this case.

SO ORDERED.

Dated:   New York, New York
         December 9, 2009

                                    _____
                                    John G. Koeltl
                                    United States District Judge

3